IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARA MANZKE,

                                                      OPINION AND ORDER

          Plaintiff,

                                                        19-cv-433-bbc

     v.

JEFFERSON COUNTY and
TOWN OF IXONIA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action brought under the Fair Housing Amendments Act, 42 U.S.C. § 3604, and Wisconsin's Open Housing Law, Wis. Stat. § 106.50, plaintiff Sara Manzke contends that defendants Jefferson County and Town of Ixonia discriminated against her because of her disability when they denied her applications for a zoning variance and conditional use permit to accommodate her emotional support animals. Before the court is defendant Town of Ixonia's motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6), on the ground that it cannot provide plaintiff the relief she seeks because defendant Jefferson County and not the town has final decision making authority with respect to plaintiff's applications. Dkt. #9. For the reasons below, I am granting the town's motion to dismiss and dismissing it as a defendant in this lawsuit.

       In resolving a motion to dismiss, the court must take all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of plaintiff. <u>Reger Development, LLC v. National City Bank</u>, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff alleges the following facts in her complaint.

1

ALLEGATIONS OF FACT

On or about May 12, 2017, plaintiff Sara Manzke and her fiancé, Joshua Pernat, purchased residential property located at N8263 County Road E in the Town of Ixonia in Jefferson County, Wisconsin. Plaintiff suffers from severe intestinal cystitis, recurrent depressive disorder and generalized anxiety disorder, chronic debilitating pain, fatigue and muscle weakness. Her disabilities limit her major life activities, including her ability to leave her home, attend school, interact with others and manage her physical needs. In accordance with a physician's prescription, plaintiff has sought the support of emotional support animals. Four miniature goats and up to six geese now reside on her property.

Defendants Town of Ixonia and Jefferson County are both governmental corporations organized under Wisconsin law. Plaintiff's property is zoned "community" under the Jefferson County zoning ordinances, which Ixonia has adopted in accordance with Wis. Stats. Ch. 59 and 60.

After receiving an anonymous complaint about the animals on plaintiff's property, Matt Zangl of the Jefferson County Zoning and Sanitation Department issued plaintiff and Pernat a "County Notice of Ordinance Violation" on August 31, 2017. The notice advised plaintiff and Pernat that they were in violation of §§ 11.03(b) and 11.04(f)(9) of the Jefferson County zoning ordinance and stated that they had 30 days to remove the animals or face a possible citation of $200.50 for each day a violation continued. Plaintiff responded by providing defendants evidence of her disabilities and her need for emotional support

animals and requested a reasonable accommodation under the Fair Housing Act. Zangl issued plaintiff and Pernat additional notices on November 13 and December 13, 2017.

On or about February 6, 2018, plaintiff paid a $500 fee and filed applications for a variance and a conditional use permit. On February 28, the Ixonia Planning Commission reviewed plaintiff's applications, voted to recommend that the Town Board deny plaintiff's variance application and declined to make any recommendation with respect to her application for a conditional use permit. The Town Board heard plaintiff's requests for a variance and a conditional use permit at its March 12, 2018 meeting and voted to recommend that defendant Jefferson County deny the variance and, based on that denial, took no action on the conditional use permit. The town planning commission refused to consider plaintiff's request for an accommodation and at least one member specifically asserted that the Fair Housing Act did not apply to zoning laws.

In an email to plaintiff dated March 27, 2018, Zangl asked plaintiff how she wanted to proceed in light of the town's denial of her requests. He told plaintiff that she could withdraw her applications and receive a fee refund or she could proceed with the process and seek approval from the county. Zangl warned plaintiff that although the county does not have to follow the town's recommendation, the town's decision is usually a sign of what may happen at the county level. He did not offer plaintiff any other means for requesting a reasonable accommodation from the zoning ordinances. Neither the county nor the town has such a process. Plaintiff responded that she wanted to withdraw from the process and get a refund.

Thereafter, the county continued to seek enforcement of the zoning ordinance, and plaintiff continued to assert her rights under the Fair Housing Act. On February 14, 2019, plaintiff re-submitted her application for a conditional use permit and her petition for variance to defendant Jefferson County. On April 15, 2019, the town reaffirmed its original recommendation to deny plaintiff's application and petition without a hearing. Plaintiff's petition for variance was heard at a public hearing of the Jefferson County Zoning Board of Adjustment on May 9, 2019 and subsequently denied. On May 13, 2019, Zangl notified plaintiff that because her petition had been denied, her application for a conditional use permit would not be considered by the county planning and zoning committee.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's legal sufficiency. A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In this case, plaintiff alleges that defendants denied her an accommodation under the Fair Housing Amendments Act of 1988 and Wisconsin's Open Housing Law. The Fair Housing Amendments Act makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(1). The Act applies to municipal zoning decisions, Valencia v. City of Springfield, Illinois, 883 F.3d 959, 967 (7th Cir. 2018) (citing Wisconsin Community Services, Inc. v. City of Milwaukee, 465 F.3d 737, 752 n.12 (7th Cir. 2006) (en banc); Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 782 (7th Cir. 2002)), and requires public entities "to reasonably accommodate a disabled person by making changes in rules, policies, practices or services as is necessary to provide that person with access to housing that is equal to that of those who are not disabled." Good Shepherd Manor Foundation, Inc. v. City of Momence, 323 F.3d 557, 561 (7th Cir. 2003). See also 42 U.S.C. § 3604(f)(3)(B). Wisconsin's Open Housing Law contains a similar reasonable accommodation requirement for people with disabilities. Wis. Stat. § 106.50(2r)(b).

Defendant Town of Ixonia argues that it does not have the authority to provide plaintiff the relief she seeks because the town is subject to the county's zoning ordinance and does not have the authority to change or repeal the ordinance. For her part, plaintiff contends that her "claims turn on the fact that after her prompt and repeated requests for relief, either or both of the defendants could have made a reasonable accommodation for her ownership of emotional support animals based upon her undisputed disability" by waiving or otherwise setting aside "enforcement of the zoning ordinances and other rules, thereby

5

avoiding the necessity of a variance and conditional use permit." Dkt. #14 at 2. However, as defendant points out, the zoning ordinance was not its to waive.

The parties agree that the town has adopted Jefferson County's zoning ordinances and delegated any authority it had over zoning procedures and decisions to the county under Wis. Ch. 59 and 60. Jefferson County ordinances regarding zoning administration and enforcement provide that "[t]he Jefferson County Board of Supervisors is responsible for the enactment, amendment and repeal of the Jefferson County land use ordinances" and the county's "Zoning Adjustment Board is responsible for hearing and deciding administrative appeals and variance applications." Jeff. Cty. Ord. § 11.11(a)(1) and (3) (available online at https://www.jeffersoncountywi.gov). As plaintiff alleges in her complaint, the county, and not the town, issued plaintiff and Pernat all of the notices regarding the ordinance violation and sought enforcement of the ordinances barring farm animals on residential property. With respect to variances or waivers, the town *may* provide a recommendation as part of a resident's application, but the county's board of adjustment "decide[s] the matter" after a public hearing and other investigation. Jeff. Cty. Ord. § 11.11(f)(2)-(3). Therefore, even though the Town of Ixonia voted to recommend that Jefferson County deny plaintiff's variance application in this case, the county is the final decision maker. As Zangl told plaintiff, the town's refusal to recommend the variance may have been a good indicator of what the county would do in her case, but the county had no obligation to follow the recommendation, and the town had no authority to pursue the matter further.

In response to defendant's arguments, plaintiff argues that zoning codes and variance

procedures are "not in and of [themselves] an accommodation," Oconomowoc, 300 F.3d at 785, and that the town's adoption of the county's zoning ordinances did not eliminate the town's obligation to comply with state and federal fair housing laws. She argues that the town should have exercised its "home rule power" under Article XI, Section 3 of the Wisconsin Constitution, by taking action to insure that plaintiff could live in and enjoy her home with her support animals. However, as defendant points out, the home rule amendment applies only to cities and villages:

> Cities and villages organized pursuant to state law may determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of statewide concern as with uniformity shall affect every city or every village. The method of such determination shall be prescribed by the legislature.

Madison Teachers, Inc. v. Walker, 2014 WI 99, ¶ 89, 358 Wis. 2d 1, 63, 851 N.W.2d 337, 367 (quoting Wis. Const. art. XI, § 3(1)). Plaintiff cites Ixonia Munic. Code § 2-20, which provides that "[t]he town board . . . [m]ay act for the government and good order of the town, for its commercial benefit and for the health, safety, welfare and convenience of the public." However, in Wisconsin "[a] town has only such powers as are conferred on it by statute or necessarily implied therefrom." Village of Milton Junction v. Town of Milton, 263 Wis. 367, 369, 57 N.W.2d 186, 187 (1953). As discussed above, plaintiff has failed to identify any statutory authority allowing the town to exercise general zoning authority that is not subject to the county's control and approval. In fact, under Wis. Stat. § 60.62(3)(a), "[i]n counties having a county zoning ordinance, no zoning ordinance or amendment of a zoning ordinance may be adopted [by a town board] . . . unless approved by the county

7

board." See also Wis. Stat. § 60.61(2)-(3) (requiring town to seek county approval for exercising zoning authority in absence of county zoning ordinance). Therefore, plaintiff may not proceed on her claims against defendant Town of Ixonia.

## ORDER

IT IS ORDERED that defendant Town of Ixonia's motion to dismiss, dkt. #9, is GRANTED. Defendant Town of Ixonia is DISMISSED from this suit.

Entered this 14th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge